

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-693

| | |
|---|---|
| BARBARA HILL<br>APPELLANT | Opinion Delivered DECEMBER 18, 2013 |
| V. | APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT<br>[NO. JV-12-146] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE KEVIN KING, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Barbara Hill appeals from the termination of her parental rights to her son M.T., born on 06/10/10, and her daughter C.H., born on 04/21/12. Barbara's sole point on appeal is that the trial court erred when it failed to grant her oral motion for a continuance at the termination hearing. We affirm.

The evidence in this case demonstrated that DHS has an extensive history with Barbara dating back to 1999. In September 2008, the trial court terminated Barbara's parental rights to four of M.T.'s and C.H.'s siblings.

The present proceedings began on October 30, 2012, when M.T. and C.H. were removed from Barbara's custody, followed by an order for emergency custody entered on November 2, 2012. Emergency custody was taken after Barbara was arrested for texting a picture of her daughter's buttocks and vagina to the child's father, along with an explicit and



inappropriate message. Based on that conduct, Barbara pleaded guilty to engaging a child in sexually explicit conduct, and in addition to that conviction she also had her probation revoked. Barbara was sentenced to three years in prison, and she is currently serving her sentence. Barbara has been incarcerated since the removal of her children.

The children were adjudicated dependent/neglected on November 27, 2012, and on January 29, 2013, the trial court entered a review order finding by clear and convincing evidence that Barbara had subjected M.T. and C.H. to aggravated circumstances because there was little likelihood that services to the mother would result in successful reunification. The trial court set the case goal as termination of Barbara's parental rights, and after DHS filed a petition the case proceeded to a termination hearing on May 21, 2013.

Barbara was represented by appointed counsel at the termination hearing, but at the outset of the hearing she asked for a continuance stating, "I have been told that my family has retained Larry Steele to represent me in this case." Barbara further said that attorney Steele was not there "because he did not know to be here." Both counsel for DHS and the attorney ad litem opposed the motion, and after hearing arguments from counsel the trial court denied Barbara's request for a continuance.

Barbara testified on her own behalf at the termination hearing, acknowledging that she was serving time in prison, but denying that she had done anything wrong with regard to the text message. Lindsey Smith, a DHS caseworker, testified that as a result of Barbara's conviction she would have to register as a sex offender. Ms. Smith stated that both children could be easily adopted, and she recommended termination of Barbara's parental rights.

SLIP OPINION

On June 10, 2013, the trial court entered an order terminating Barbara's parental rights to M.T. and C.H. The trial court found by clear and convincing evidence that termination of her parental rights was in the children's best interest, and the court specifically considered the likelihood that the children would be adopted, as well as the potential harm of returning them to the parent as required by Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2011). The trial court also found clear and convincing evidence of several statutory grounds supporting termination, including that a court of competent jurisdiction had found that Barbara subjected the juveniles to aggravated circumstances, and that Barbara had her parental rights involuntarily terminated as to a sibling of the children. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)* and *(4)*.

In this appeal Barbara does not challenge the sufficiency of the evidence supporting termination of her parental rights. Her only argument is that the trial court erred in denying her motion for a continuance. Barbara argues that in order to protect her parental rights she should have been afforded a continuance to consult with another attorney, Larry Steele.

A motion for continuance shall be granted only upon a showing of good cause. *Sanderson v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 481. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Id*. A circuit court abuses its discretion when it acts improvidently and without due consideration. *Henderson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 481. The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of


discretion, and, in order to show an abuse of discretion, the appellant must show that she was prejudiced by the denial. *Id.*

We hold that Barbara has failed to show an abuse of discretion. The trial court appointed counsel to represent Barbara at the probable-cause hearing held a week after the children were removed from Barbara's custody, and the same counsel represented Barbara throughout the entire proceedings, including this appeal. There was evidence at the termination hearing showing that, on January 30, 2013, attorney Larry Steele had left a message with DHS's attorney about representing Barbara. On the same day, DHS's counsel sent an email to Mr. Steele informing him that the termination hearing would be on May 21, 2013, and DHS counsel informed Mr. Steele that once he entered an appearance she would provide him with documents from the case. Also on the same day, Mr. Steele responded to the email acknowledging receipt of the information. However, during the approximate four-month period leading up to the termination hearing, Mr. Steele did not enter an appearance, request a continuance, or appear before the trial court.

When deciding when to grant a continuance, the trial court should consider the diligence of the movant, and we have held that a lack of diligence alone is sufficient to deny a continuance. *Davis v. Pines Mall Partners*, 2011 Ark. App. 783. In this case Barbara was at all relevant times represented by appointed counsel, and Larry Steele never entered an appearance in the proceedings. Barbara waited until the day of the termination hearing to request a continuance to consult with Mr. Steele, and her lack of diligence in seeking a continuance was alone sufficient to deny her request. Based on the circumstances before the

trial court, we conclude it did not abuse its discretion in denying appellant's motion for continuance.

We further conclude that Barbara has also failed in her burden of demonstrating prejudice. Barbara offers no explanation of how this case may have proceeded differently with a different attorney, and under the facts of this case it is highly unlikely that the outcome would have changed. To terminate parental rights, the trial court must find by clear and convincing evidence that a statutory ground exists, and that termination is in the children's best interest. *See M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). In this case a statutory ground was proved beyond dispute because Barbara's parental rights to her other children had previously been involuntarily terminated. It was also clear that termination was in the children's best interest given that they were easily adoptable, and that Barbara was serving a three-year prison sentence for a sex offense involving one of the children.

On this record, we hold that the trial court did not abuse its discretion in denying appellant's motion to continue the case. Therefore, we affirm the trial court's order terminating appellant's parental rights.

Affirmed.

WYNNE and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.

