

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-703

| | |
|---|---|
| SMG 1054, INC.<br>APPELLANT | **Opinion Delivered** February 26, 2014 |
| | APPEAL FROM THE RANDOLPH<br>COUNTY CIRCUIT COURT<br>[No. CV-2013-6] |
| V. | |
| | HONORABLE KEVIN KING, JUDGE |
| JAMES E. THOMPSON<br>APPELLEE | REMANDED TO SETTLE AND<br>SUPPLEMENT THE RECORD;<br>REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellant SMG 1054, Inc., appeals the order of foreclosure entered by the Randolph County Circuit Court in favor of appellee James E. Thompson. On appeal, SMG contends that the trial court abused its discretion in denying its motion for continuance and in refusing to admit certain documentation into evidence. Because SMG's abstract and addendum are deficient, we order supplementation of the record and rebriefing.

Thompson filed a complaint for foreclosure against SMG on January 10, 2013. The complaint alleged that on December 30, 2010, Thompson loaned $47,500 to Cedar Break LLC, and in return received a promissory note, signed by T.V. Wallis (the manager of Cedar Break—now deceased), promising to repay the loan on or before March 31, 2011. The complaint also alleged that Wallis, on behalf of Cedar Break, signed a mortgage in favor of Thompson, securing the indebtedness of Cedar Break by conveying to him a lien that was first in priority on property located on Highway 62 in Randolph County, Arkansas (the property).

SLIP OPINION

The mortgage was filed December 30, 2010. The foreclosure complaint also alleged that the note provided that if any payments on the note became overdue or unpaid, the entire amount remaining due, with interest to date, may be collected at Thompson's option.

The Thompson complaint continued, averring that because Cedar Break failed and refused to make payments due under the note, he was exercising his right to declare the entire debt due and payable. Further, the complaint alleged that on May 3, 2011, Cedar Break conveyed to SMG, by warranty deed,[1] the property secured by the mortgage and that SMG failed to make payments on the loan. Thompson prayed for judgment in rem against SMG in the amount of $47,500, plus interest, attorney's fees, and costs, and further prayed that should the judgment not be paid within a reasonable time the property be sold.

On February 14, 2013, Shirley Matthews, pro se and on behalf of SMG,[2] filed an "answer to summons," disputing and disagreeing with all claims and accusations made in the foreclosure complaint. Matthews further responded by stating that she had never been involved with Cedar Break and that it, along with its agent (Wallis), unlawfully obtained the SMG deed and made the agreement with Thompson without her permission. She added that Thompson should be filing suit against Cedar Break and Wallis's estate.

A foreclosure hearing was held on April 22, 2013, where Matthews appeared on behalf of SMG. At the onset of the hearing, she requested a continuance to retain an attorney. She stated that she initially believed that she was capable of representing SMG but eventually

---

[1]SMG's warranty deed was filed May 4, 2011.

[2]Matthews was the registered agent for SMG.

2

SLIP OPINION

concluded that there were matters involved that she did not know how to handle, e.g., SMG's potential claims against Cedar Break and Wallis. She also told the court that she had talked to three different attorneys, but they had conflicts. Counsel for Thompson objected to the motion for continuance, contending that Matthews had had sufficient time to hire an attorney. The trial court denied the motion for continuance, stating that this was the second time that the foreclosure hearing had been set, that Matthews had had sufficient time to hire an attorney, and that the only relevant issue before the court was Thompson's foreclosure action—not SMG's potential claim against Cedar Break and Wallis.

The hearing proceeded with Thompson testifying first. He said that in December 2010, he loaned Wallis, on behalf of Cedar Break, $47,500, for the purchase of the property in question. Thompson said that Wallis was purchasing the property from Harold Eugene Tyler, Jr., and that Thompson witnessed Wallis paying Tyler for the property and Wallis receiving the deed.[3] Thompson also stated that he received a promissory note and mortgage signed by Wallis, but that Cedar Break did not make any payments. At this point during the hearing, the trial court asked Matthews whether she signed the note and mortgage, to which she responded that she did not. Then, Thompson's attorney interjected, confirming that Matthews did not sign the note and mortgage but that after the note and mortgage had been executed, Cedar Break deeded the property in question to SMG, which was why the proceeding against SMG was in rem. Counsel for Thompson stated that Matthews had no personal liability.

---

[3]The property in question was conveyed by warranty deed to Cedar Break by Tyler. The deed was filed December 30, 2010.



On cross-examination, Thompson denied knowing that Matthews, on behalf of SMG, had purchased the property from Tyler. Thompson admitted knowing that Wallis was living on the property but denied knowing that Matthews was also living there. Thompson also knew that Matthews was remodeling the property.

Matthews also testified. She told the trial court that "I am SMG" and that she and Wallis had been friends for sixteen years. She said that she "handled a lot of his contracts" and "worked on his jobs." She said that before Wallis bought the property in question from Tyler, she purchased it from Tyler for $68,500.[4] She added that she paid for the property in full as of December 11, 2010, and that she had paperwork (a contract and receipts) to support her claim. She conceded, however, that she did not have a title-insurance policy for the property or a deed for the property from Tyler. She also said that she was living on the property and that she let Wallis move in with her after he became ill. She acknowledged that the deed held by SMG was conveyed to it by Cedar Break in May 2011. But, she explained that Cedar Break had unlawfully obtained the deed. In December 2010, she was tending to her ill son, and her final payment to Tyler was due. She gave the payment to Wallis to give to Tyler. According to Matthews, Wallis tendered the final payment and then had the deed to the property put in Cedar Break's name instead of SMG's name. She said that she and Wallis "got into a lot of problems over that," and in May 2011, Cedar Break deeded the property to SMG. Matthews denied knowing that Wallis had borrowed money from Thompson to purchase the property from Tyler and that he was supposed to be making payments.

---

[4]She added that she also spent $32,000 remodeling the house.



At the conclusion of the hearing, the trial court found that SMG had thirty days in which to redeem the property; if the property was not redeemed within that time, the court ordered foreclosure. The trial court's order of foreclosure was entered on April 25, 2013. This appeal followed.

SMG's first point on appeal is that the trial court abused its discretion in denying its motion for continuance. SMG argues that Matthews, on behalf of SMG, on multiple occasions advised the trial court that she did not understand the legal issues involved, that she had tried to hire several attorneys, and that she had potential claims against other parties. SMG also contends on appeal that Thompson would not be prejudiced by a short continuance because the foreclosure case was relatively new (only four months old) and that he had not received payment from Wallis in two years.

A motion for continuance shall be granted only upon a showing of good cause. *Hill v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 760, at 3. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Id.* A trial court abuses its discretion when it acts improvidently and without due consideration. *Id.* The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of discretion, and, in order to show an abuse of discretion, the appellant must show that she was prejudiced by the denial. *Id.* at 3–4.

Our review of this case reveals that the primary reason why the trial court denied Matthews's motion for continuance was that the case had been continued once before—this was

the second time it had been set for a hearing.[5] However, SMG did not abstract the prior hearing or include in its addendum any order entered by the trial court that disposed of the matters raised at that hearing. Because we do not know the facts and circumstances surrounding the first hearing, we cannot determine whether the trial court, at the second hearing, abused its discretion in denying SMG's motion for continuance based on its conclusion that it had been continued once before.

Arkansas Supreme Court Rule 4-2(a)(5) (2013) requires an abstract of the material parts of all the transcripts in the record. Information in a transcript is material if the information is essential for the appellate court to understand the case and to decide the issues on appeal. *Id.* Further, Rule 4-2(a)(8) provides that the appellant's brief shall contain an addendum that includes copies of non-transcript documents in the record on appeal that are essential for the appellate court to understand the case and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8). We hold that SMG's abstract and addendum fail to provide the information that is essential for our understanding of the case and to decide the issue on appeal; therefore, they are deficient.

Our review of this case further reveals that the first hearing and order disposing of that hearing are not included in the record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e).

---

[5]The abstract reveals that the trial court stated on at least two occasions that it was not going to give Matthews a continuance because the case had been continued one other time. Matthews stated at one point, "I gathered all of my information, and I came to court last time, and Judge Smith [had] a conflict."

We therefore remand this case for the record to be settled and supplemented within thirty days. SMG's substituted brief is due within fifteen days after the supplemental record has been filed. Ark. Sup. Ct. R. 4-2(b)(3) (2013). The examples we have noted are not to be taken as an exhaustive list of deficiencies; counsel should carefully review the rules and ensure that no other deficiencies exist.

Finally, we are obligated to mention our concern that Matthews, at the trial-court level,[6] was a non-lawyer representing a corporation, which constitutes the unauthorized practice of law. *Ark. Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 51, 273 S.W.2d 408, 410 (1954) (holding that a corporation may represent itself in connection with its own business or affairs provided it does so through a licensed attorney); Ark. Code Ann. § 16-22-206 (Repl. 1999);  Ark. Code Ann. § 16-22-211(a) (Repl. 1999). Deepening our concern is the fact that both Thompson's counsel and the trial court were aware of Matthews's unauthorized practice of law because she made multiple pleas to the trial court throughout the hearing that she be given a continuance to retain counsel for the corporate defendant. To the extent that this issue might have been relevant to the trial court's disposition of SMG's motion for continuance, the parties should address it in their substituted briefs on appeal.

Remanded to settle and supplement the record; rebriefing ordered.

GLADWIN, C.J., and HIXSON, J., agree.

*Stanley & Woodard, PLC*, by: *Bill Stanley*, for appellant.

*Don R. Brown*, for appellee.

---

[6]SMG is represented by counsel in this appeal.