SLIP OPINION

Cite as 2014 Ark. App. 524

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-703

| | | |
|---|---|---|
| SMG 1054, INC. | | **Opinion Delivered** October 1, 2014 |
| | APPELLANT | APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT [No. CV-2013-6] |
| V. | | |
| | | HONORABLE KEVIN KING, JUDGE |
| JAMES E. THOMPSON | | |
| | APPELLEE | REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

Appellant SMG 1054, Inc. (SMG), appeals the order of foreclosure entered by the Randolph County Circuit Court in favor of appellee James E. Thompson. On appeal, SMG contends that the trial court abused its discretion in denying its motion for continuance and in refusing to admit certain documentation into evidence.[1] We reverse and remand, holding that the trial court abused its discretion in denying SMG's motion for continuance. SMG's second point on appeal is moot.

Thompson filed a complaint for foreclosure against SMG on January 10, 2013. The complaint alleged that on December 30, 2010, Thompson loaned $47,500 to Cedar Break LLC,

---

[1]This is SMG's second appeal. In the first, SMG failed to abstract the contents of a foreclosure hearing held on April 8, 2013, or include in the addendum a copy of the order disposing of the matters raised at that hearing. *SMG 1054, Inc. v. Thompson*, 2014 Ark. App. 149, at 5–6. There, we held that the facts and circumstances surrounding the April 8 hearing might have been relevant to our review of whether the trial court abused its discretion in denying SMG's motion for continuance; therefore, we remanded the case to settle and supplement the record and ordered rebriefing. *Id.* at 7. SMG has corrected the deficiency in this second appeal.

and in return he received a promissory note signed by T.V. Wallis (agent of Cedar Break—now deceased), who promised to repay the loan on or before March 31, 2011. The complaint also alleged that Wallis, on behalf of Cedar Break, signed a mortgage in favor of Thompson, securing the indebtedness of Cedar Break by conveying to him a lien that was first in priority on property located on Highway 62 in Randolph County, Arkansas (the property). The mortgage was filed December 30, 2010. The foreclosure complaint further alleged that Cedar Break failed and refused to make payments due under the note; therefore, Thompson was exercising his right to declare the entire debt due and payable. The complaint continued, alleging that on May 3, 2011, Cedar Break conveyed to SMG, by warranty deed,[2] the property secured by the mortgage and that SMG had failed to make payments on the loan. Thompson prayed for judgment in rem against SMG in the amount of $47,500, plus interest, attorney's fees, and costs, and further prayed that should the judgment not be paid within a reasonable time the property be sold.

On February 14, 2013, Shirley Matthews, a nonlawyer, on behalf of SMG filed an "answer to summons," disputing all claims made in the foreclosure complaint. Matthews further responded by stating that Cedar Break, along with Wallis, unlawfully obtained the deed to the property and made the agreement with Thompson without her permission.

A foreclosure hearing was held on April 8, 2013. Matthews appeared on behalf of SMG. The Honorable Philip G. Smith presided over the hearing. Upon learning that the foreclosure

---

[2]SMG's warranty deed was filed May 4, 2011.

was contested, the trial judge stated that he had a conflict with Thompson and refused to hear the case. The case was transferred to another judge.

Two weeks later, on April 22, 2013, a second foreclosure hearing was held. Again, Matthews appeared on behalf of SMG. At the onset of the hearing, she requested a continuance to retain an attorney. She stated that she initially believed that she was capable of representing SMG but ultimately concluded that there were matters involved that she did not know how to handle, e.g., SMG's potential claims against Cedar Break and Wallis. She advised the court that she had talked to three different attorneys, but they had conflicts. Counsel for Thompson objected to the motion for continuance, contending that Matthews had had sufficient time to hire an attorney. The trial court denied the motion for continuance, focusing on the fact that this was the second time that the foreclosure hearing had been set.

The hearing proceeded, and both Thompson and Matthews testified.[3] During Matthews's testimony, she again requested additional time to hire an attorney. Once all of the evidence had been submitted, Matthews requested additional time "to get this sorted out." The trial court denied these requests and found in favor of Thompson, ordering foreclosure if SMG failed to redeem the property in thirty days. The trial court's order of foreclosure was entered on April 25, 2013.

SMG's first point on appeal is that the trial court abused its discretion in denying its motion for continuance. It argues that the trial court (and opposing counsel) knew or should

---

[3]For purposes of our review, a summary of their testimony is not relevant; therefore, those facts are not recited here.

have known that SMG was a corporation, that a corporation must be represented by an attorney, and that Matthews was not an attorney.[4] SMG also argues that the trial court abused its discretion when it denied the motion for continuance based on the finding that the matter had already been continued. It argues that the first setting was continued because the first trial judge recused.

A motion for continuance shall be granted only upon a showing of good cause. *Hill v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 760, at 3. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Id.* A trial court abuses its discretion when it acts improvidently and without due consideration. *Id.* The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of discretion, and, in order to show an abuse of discretion, the appellant must show that she was prejudiced by the denial. *Id.* at 3–4.

As stated in our prior opinion, Matthews, at the trial-court level,[5] was a nonlawyer representing a corporation, which constituted the unauthorized practice of law. *SMG*, 2014 Ark. App. 149, at 7 (citing *Ark. Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 51, 273 S.W.2d 408, 410 (1954) (holding that a corporation may represent itself in connection with its own business or

---

[4]We acknowledge Thompson's argument that Matthews did not make this specific argument below and cannot raise it for the first time on appeal. We disagree. As set forth above, Matthews made multiple requests for a continuance to hire an attorney on behalf of SMG, advising the court that she was not capable of representing the corporation. This was effective to alert the circuit court to this issue.

[5]SMG hired counsel to file its notice of appeal from the trial court's order, and SMG is represented by that counsel on appeal.

affairs provided it does so through a licensed attorney); Ark. Code Ann. § 16-22-206 (Repl. 1999); Ark. Code Ann. § 16-22-211(a) (Repl.1999)). There is no question that both Thompson's counsel and the trial court were aware that SMG was a corporation and that Matthews was not an attorney. She made multiple pleas to the trial court throughout the second hearing stating that she did not understand the legal issues, and several times she requested that she be given a continuance to retain counsel for the corporate defendant. Nevertheless, at one point, the trial court advised Matthews, "–my concern is . . . to protect your rights, you have to go get an attorney or you can defend it yourself." She cannot.

Our supreme court has been resolute in strictly enforcing the rule that a corporation through its nonlawyer officers cannot engage in the practice of law. *Nisha, LLC v. Tribuilt Constr. Grp., LLC*, 2012 Ark. 130, at 12, 388 S.W.3d 444, 451. Our court had stated that the unauthorized practice of law by a corporation is a serious matter that should not be countenanced. *Roma Leathers, Inc. v. Ramey*, 68 Ark. App. 1, 6, 2 S.W.3d 82, 85 (1999). An error of law in itself can constitute an abuse of discretion. *See Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995); *Crowder v. Flippo*, 263 Ark. 433, 565 S.W.2d 138 (1978); *Downum v. Downum*, 101 Ark. App. 243, 274 S.W.3d 349 (2008). The trial court erred as a matter of law in advising Matthews that she could defend SMG and permitting her to do so under these circumstances. We hold that this error of law constitutes an abuse of discretion.

Moreover, the trial court stated that the primary reason it was denying the motion was because the case had been continued once before. The inference was that Matthews was responsible for the first continuance. However, the April 8 hearing was continued because the

trial court recused. Matthews never spoke at the first hearing. We also note that the first trial judge did not advise Matthews that, as a matter of law, she could not represent SMG.

For these reasons, we hold that the trial court abused its discretion in denying SMG's motion for continuance, and we reverse and remand. SMG's second point on appeal is moot.

Reversed and remanded.

GRUBER and WHITEAKER, JJ., agree.

*Stanley & Woodard, PLC*, by: *Bill Stanley*, for appellant.

*Don R. Brown*, for appellee.