

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–16–332

| | |
|---|---|
| CITY OF BETHEL HEIGHTS, ARKANSAS<br><br>APPELLANT<br><br>V.<br><br><br>CITY OF SPRINGDALE, SPRINGDALE PLANNING COMMISSION, AND GREGORY A. KENDRICK REVOCABLE LIVING TRUST DATED 10/5/12<br><br>APPELLEES | **Opinion Delivered** February 8, 2017<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CV–2015-818-2]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This is a companion case to *City of Bethel Heights v. Kendrick Revocable Living Trust*, 2017 Ark. App. 78, handed down today. Here, the City of Bethel Heights appeals the decision of the Benton County Circuit Court granting a motion to dismiss Bethel Heights' declaratory-judgment action against the appellee, the City of Springdale.[1] The circuit court

---

[1] Bethel Heights named both the City of Springdale and the Springdale Planning Commission as defendants in its complaint. For simplicity, we refer to them together as "Springdale."

In addition, we note that the Gregory A. Kendrick Revocable Living Trust is named as an appellee. The trust had been named a defendant in Bethel Heights' first amended complaint in response to Springdale's motion to dismiss on the grounds that Bethel Heights had failed to join it as a proper party under Arkansas Rule of Civil Procedure 19. After the circuit court granted Springdale's motion to dismiss the declaratory-judgment aspect of the suit, the trust filed a motion to be dismissed from the case, noting that the only matter

also granted Springdale's motion for summary judgment with respect to Springdale's decision to rezone a parcel of property. We affirm.

## I. *Background*

The litigation surrounding the detachment and annexation of the subject property is the subject of the companion case. The facts pertinent to the instant appeal are that Shelly Kendrick and the Gregory A. Kendrick Living Trust ("Kendrick") owned parcels of property totaling approximately eighty-seven or eighty-eight acres ("the property"). The property was originally located within the boundaries of Bethel Heights. In 2015, Kendrick sought to detach the property from Bethel Heights and have it annexed to Springdale pursuant to Act 779 of 1999. Following the detachment of the Kendrick property from Bethel Heights, Springdale filed an ordinance to annex the property in March 2015.[2] Springdale subsequently filed an ordinance to rezone the property from agricultural use to industrial use. Bethel Heights challenged Springdale's rezoning actions, filing a complaint that sought a declaratory judgment and injunctive relief.

## II. *Applicable Law*

The underlying dispute between the parties involves the enactment and amendment of local zoning. Such actions are a legislative function. *Sullins v. Cent. Ark. Water*, 2015 Ark.

---

pending before the circuit court was a review of Springdale's legislative action and that Bethel Heights had no remaining claim against it. The circuit court granted the trust's motion, and it is not a party to this appeal.

[2] Bethel Heights previously filed suit against Springdale and Kendrick, challenging the annexation. That case was dismissed by the Benton County Circuit Court, and although Bethel Heights appealed to this court, its appeal was dismissed for failure to file briefs.

SLIP OPINION

29, at 8, 454 S.W.3d 727, 732–33 (citing *Bolen v. Washington Cnty. Zoning Bd. of Adjustments*, 2011 Ark. App. 319, at 7, 384 S.W.3d 33, 38). One challenging a municipality's legislative rezoning decision may appeal to the circuit court of the county in which the rezoning was authorized. Ark. Code Ann. § 14–56–425(b)(1) (Supp. 2015). The circuit court shall uphold the legislative rezoning decision unless the court determines that the decision was arbitrary or capricious or lacking a rational basis. Ark. Code Ann. § 14–56–425(b)(2); *PH, LLC v. City of Conway*, 2009 Ark. 504, at 12, 344 S.W.3d 660, 667. The supreme court established the guidelines for determining whether legislative zoning actions are arbitrary and capricious in *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996):

> In reviewing cases involving legislative enactments, such as zoning ordinances, there is a presumption that the legislative branch acted in a reasonable manner, and the burden is on the moving party to prove that the enactment was arbitrary. *City of Little Rock v. Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981).
>
> . . . .
>
> We recently defined "arbitrary" and "capricious" in *City of Little Rock v. Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994), as follows: Arbitrary is "decisive but unreasoned action," and capricious is "not guided by steady judgment or purpose." The definition most easy to apply was given in *City of Little Rock v. Breeding*, 273 Ark. 437, 445, 619 S.W.2d 664, 668 (1981), when we said that the enactment was not arbitrary if there was any reasonable basis for its enactment.

*City of Lowell*, 323 Ark. at 338–39, 916 S.W.2d at 98–99.

Our appellate standard of review is equally well settled in appeals concerning legislative rezoning. We will affirm the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *PH, LLC*, 2009 Ark. 504, at 13, 344 S.W.3d at 667. A finding is clearly erroneous when, although there is evidence to support it, the

3

 

reviewing court based on the entire evidence is left with a firm conviction that a mistake has been committed; disputed facts and determinations of credibility are within the province of the fact-finder. *Id*.

### III. *Motion to Dismiss*

Bethel Heights' complaint against Springdale sought a declaratory judgment that Springdale's rezoning was not compatible with or equivalent to those of the adjacent lands in Bethel Heights, as required by Arkansas Code Annotated section 14-56-306 (Supp. 2015). Springdale filed an answer and motion to dismiss, asserting that a declaratory-judgment action was not the appropriate procedural vehicle for challenging its zoning decision. Specifically, Springdale argued that Arkansas Code Annotated section 14-56-425(b) provides the specific statutory mechanism by which a city's legislative zoning decision is to be reviewed. After a hearing, the circuit court granted Springdale's motion to dismiss, finding that declaratory judgment was not the appropriate procedure for reviewing Springdale's zoning action and stating that the case would go forward using the standard set forth in section 14-56-425(b).

In its first point on appeal, Bethel Heights challenges the circuit court's order granting Springdale's motion to dismiss. It does not, however, challenge the circuit court's decision to dismiss its declaratory-judgment action. Rather, Bethel Heights complains that the circuit court erred in making a factual finding in its order, wherein the court found "that the City of Springdale's rezoning of the property at issue in the Plaintiff's Complaint was not arbitrary,

was not capricious, and did not lack a rational basis."[3] Bethel Heights complains that this factual finding essentially foreclosed the outcome of the case and that the court should have waited until after an evidentiary hearing to make the finding that Springdale's zoning decision was not arbitrary and capricious.

We find Bethel Heights' arguments unpersuasive. The heart of the motion to dismiss was the determination that a declaratory-judgment action was not the proper vehicle for challenging a zoning decision, a conclusion that Bethel Heights does not challenge on appeal. Although the circuit court made a collateral finding that Springdale's zoning decision was not arbitrary or capricious based on the surrounding zoning, it nonetheless set the matter for "a hearing on the remaining merits . . . at which time the City of Springdale's legislative decision to rezone the property at issue in this case will be reviewed by the court using the standard set forth in [section] 14-56-425(b)[.]" Bethel Heights was thus presented the opportunity to adduce any additional evidence on the question that it felt appropriate; indeed, in response to Springdale's subsequent summary-judgment motion, Bethel Heights did just that. Error that does not result in prejudice is not reversible. *Sherman v. Boeckmann*, 2016 Ark. App. 568, at 13, ___ S.W.3d ___, ___.

We review a circuit court's decision to grant a motion to dismiss for abuse of discretion. *Hinton v. Bethany Christian Servs.*, 2015 Ark. App. 301, at 3, 462 S.W.3d 361, 362

---

[3] The court based its conclusion on this matter on "the information contained in the map attached to the Plaintiff's complaint, which indicates single-family residential zoning to the south, agricultural zoning to the east, floodplain designation to the north, and industrial zoning to the southwest of the property at issue in the Plaintiff's Complaint."



(citing *Doe v. Weiss*, 2010 Ark. 150; *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497). We cannot say that the circuit court abused its discretion in granting Springdale's motion to dismiss.

## IV. *Summary Judgment*

Following the circuit court's order granting Springdale's motion to dismiss, Springdale filed a motion for summary judgment in which it asserted that the undisputed facts demonstrated that its rezoning decision was not arbitrary and capricious. The circuit court granted Springdale's motion. In its second point on appeal, Bethel Heights contends that the circuit court erred in granting Springdale's motion for summary judgment.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811; *Bishop v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 2016 Ark. App. 168, 486 S.W.3d 211. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Bishop*, *supra*. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a genuine issue of material fact unanswered. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*.

SLIP OPINION

To understand the thrust of Springdale's summary-judgment motion, we must first look to the nature of the claim raised in Bethel Heights' complaint. Bethel Heights alleged that Springdale's rezoning of the property from agricultural use to industrial use was "not compatible with [the land uses] of the contiguous and adjacent properties situated in Bethel Heights." It therefore contended that the rezoning was not in compliance with Arkansas Code Annotated section 14–56–306 and was void. Section 14–56–306 essentially provides that land use in adjacent or contiguous cities must be compatible; a "compatible land use" includes "a land use authorized by the municipal zoning ordinance for the zone that is the equivalent to, or that is as nearly equivalent as possible to, a land use authorized by the municipal zoning ordinance." Ark. Code Ann. § 14–56–306(c)(3)(B).

Springdale, in moving for summary judgment, provided affidavits and exhibits to demonstrate that its zoning decision was compatible with land uses that had been authorized in Bethel Heights. For example, Springdale submitted the affidavit of Patsy Christie, the director of Planning and Community Development for the City of Springdale, in which she averred that, at the time of the rezoning of Springdale's recently annexed property, a parcel of property located within Bethel Heights, which was immediately to the west of and adjacent to the property, was zoned industrial by Bethel Heights. An affidavit from Fred Wagner, a licensed real estate agent who had the pertinent four-acre Bethel Heights property listed for sale, stated that the property listing indicated that the property was zoned for industrial use. Similarly, an affidavit from Wayne VanHook, another real estate agent, stated that the mayor of Bethel Heights had given VanHook a copy of the Bethel Heights

7

ordinance by which the four-acre tract had been zoned industrial in 2007. Springdale thus established a prima facie case that its rezoning of the Kendrick property from agricultural to industrial was a use that was compatible with the zoned uses of an adjacent or contiguous municipality—i.e., that its rezoning decision comported with section 14-56-306.

In response, Bethel Heights argued that the zoning decision was arbitrary and capricious for several reasons: Springdale had not complied with the proper procedural prerequisites to the rezoning; the rezoning decision was arbitrary and capricious due to the status of the adjacent properties; it amounted to spot zoning; and it amounted to contract zoning. In support of its response, Bethel Heights attached the petition for rezoning; Springdale's planning-commission minutes from the meeting at which the ordinance rezoning the Kendrick property was prepared; an affidavit from Trey Trumbo, the owner of several of the adjoining properties that were zoned residential, who opined that his property values would decline if the rezoning were permitted to stand; and excerpts from Gregory Kendrick's deposition testimony.[4]

The exhibits, however, did not meet proof with proof on the question of whether Springdale's rezoning was compatible with the zoned use of an adjacent property; therefore, the circuit court did not err in granting Springdale's motion for summary judgment. *See*

---

[4] Bethel Heights reiterates these arguments on appeal. The circuit court, however, never made a ruling on Bethel Heights' contentions regarding spot zoning, contract zoning, procedural defects, or the effect on neighboring properties. These arguments are thus not preserved for appellate review. *See Black v. Duffie*, 2016 Ark. App. 584, at 33 (noting that, in order to preserve an issue for appellate review, an appellant is obligated to obtain a specific ruling on it from the circuit court).

SLIP OPINION

*Chandler v. Wal-Mart Stores Inc.*, 2016 Ark. App. 372, at 9, 498 S.W.3d 766, 770 ("If a plaintiff fails to meet proof with proof on any essential element of his or her claim, then the movant is entitled to summary judgment.") (citing *Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992)).

Affirmed.

HARRISON and KLAPPENBACH, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Robert K. Rhoads* and *M. Scott Hall*, for appellant.

*Ernest B. Cate*, City Attorney, for appellees.