

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV–16–336

|  |  |
|---|---|
| CITY OF BETHEL HEIGHTS<br><br>APPELLANT<br><br>V.<br><br>GREGORY A. KENDRICK<br>REVOCABLE LIVING TRUST DATED<br>OCTOBER 5, 2012, AND SHELLY<br>KENDRICK<br><br>APPELLEES | **Opinion Delivered** February 8, 2017<br><br>APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. 04CV-15-487-2]<br><br>HONORABLE BRAD KARREN,<br>JUDGE<br><br>AFFIRMED |

### N. MARK KLAPPENBACH, Judge

The City of Bethel Heights appeals from the trial court's order granting summary judgment to appellees on its breach-of-contract claim. Bethel Heights argues that a contract existed between the parties and that appellees breached the contract. We affirm.

Appellees, the Gregory A. Kendrick Revocable Living Trust and Shelly Kendrick, owned three tracts of land in Bethel Heights comprising approximately eighty-six acres. Bethel Heights is adjacent to Springdale. Appellees wanted their property to be annexed into Springdale and attempted to get the two cities to agree to this. In December 2014, appellees' attorney sent a letter to Bethel Heights providing a "formal statement and request for services pursuant to Act 779 of the 1999 legislative session, as revised and codified as A.C.A.

SLIP OPINION

14-40-2001, et seq.," in the event that an agreement was not reached.[1] The service appellees sought from Bethel Heights was "municipal sewer service sufficient to provide not less than an eight (8) inch service main sufficient for industrial use to the property." The letter alleged that the "step sewer system" operated by Bethel Heights had no ability to provide the requested eight-inch service main.

In January 2015, Bethel Heights responded by letter, stating in part as follows:

> I have been authorized to inform you that the City of Bethel Heights does hereby commit to provide services adequate to service the needs of your client. At the present time there is adjoining the property a forced main wastewater line that our engineers have determined will actually service more volume than the capacity of an eight inch (8") gravity flow service which your clients claim to need. The City will provide an eight inch connection to that line at the time needed by your client or will stub out such a connection within the 180 day time period within which substantial steps are required to be made by Act 779.

> As the line is already located adjacent to the property and the line will handle the flow of an eight inch line, the service requested by your client is already available.

> In your letter you referenced "industrial use" of the property. . . . The City respectfully requests that additional information be provided to the City in order that zoning and use issues may be considered and a determination made as to whether any proposed use of the property may even be acceptable under the zoning and development requirements of the City. Such a basic determination in the normal and customary course of development is vital to determining the services necessary not only with wastewater but also with water, electric, and gas and such information will surely be available in determining the required capacity and availability of those

---

[1] Arkansas Code Annotated section 14-40-2002 (Repl. 2013) provides the procedure by which a landowner seeking additional municipal services may have its land detached from the municipality in which it is located and annexed into another municipality that borders the land. Before annexation is allowed, the municipality in which the land is located shall have an opportunity to provide the additional services. Ark. Code Ann. § 14-40-2002(a)(2).

services.

Appellees did not respond to Bethel Heights's request for additional information.

In March 2015, Springdale passed an ordinance annexing appellees' property into the city, and in April 2015, Bethel Heights filed suit against Springdale and appellees. In its complaint, Bethel Heights sought a declaratory judgment declaring the ordinance void ab initio, sought to appeal the ordinance, and alleged breach of contract by appellees. Bethel Heights claimed that the two letters exchanged by the parties formed a contract and that appellees had breached the contract by failing to provide reasonably requested information to Bethel Heights and by having Springdale annex the property without notice to Bethel Heights. Bethel Heights requested that the court require specific performance of the contract or, alternatively, award damages for loss of tax revenue.

Appellees and Springdale filed a joint motion to dismiss, and the trial court dismissed all of the claims except for the breach-of-contract claim against appellees. Appellees subsequently filed a motion for summary judgment asserting that the letters exchanged by the parties did not form a contract; that even if there was a contract, appellees did not breach the contract; and that it was impossible for them to perform any such contract now that the property had been annexed. The trial court granted summary judgment to appellees, and Bethel Heights now appeals.

On appeal, this court need only decide if the grant of summary judgment was

SLIP OPINION

appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Dev. & Constr. Mgmt., Inc. v. City of N. Little Rock*, 83 Ark. App. 165, 119 S.W.3d 77 (2003). The burden of sustaining a motion for summary judgment is on the movant. *Id*. All proof submitted must be viewed in the light most favorable to the party resisting the motion, and any doubts or inferences are resolved against the moving party. *Id*. Once the moving party has established a prima facie entitlement to summary judgment by affidavits or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*.

The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008). This court cannot make a contract for the parties but can only construe and enforce the contract that they have made; if there is no meeting of the minds, there is no contract. *Id*. Moreover, the terms of a contract cannot be so vague as to be unenforceable. *Id*. The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy. *Id*.

The trial court found that (1) no mutual agreement or meeting of the minds existed between the parties; (2) appellees' letter was not an offer and that even if the response from Bethel Heights could be considered the basis of any contract, it was at most a counteroffer;

4

and (3) there were no definite terms, consideration, or mutual obligations. This court agrees.

Bethel Heights contends that appellees' request for services was an offer that it accepted by committing to provide the requested services. Appellees, however, contend that there was no meeting of the minds because Bethel Heights offered to provide a different, although comparable, service in response to appellees' request for a specific service. Thus, appellees contend that the response was at best a counteroffer that they never accepted. As stated above, appellees requested "municipal sewer service sufficient to provide not less than an eight (8) inch service main sufficient for industrial use to the property." In response, Bethel Heights committed to provide "services adequate to service the needs of your client." More specifically, Bethel Heights said that it would provide an "eight inch connection" to "a forced main wastewater line that . . . will actually service more volume than the capacity of an eight inch (8") gravity flow service." Thus, Bethel Heights did not agree to provide what was requested by appellees, but instead made an alternative, or counter, offer. We agree with appellees that there was no meeting of the minds and that the letter from Bethel Heights lacked reasonable certainty as to what type of wastewater service line was to be provided; thus, there were no definite terms to form a contract.

Even if the service Bethel Heights committed to provide was equal to what was requested by appellees, the alleged contract also lacked mutual obligation. Bethel Heights argues that appellees were obligated to provide information to Bethel Heights and to not seek annexation into Springdale "unless and until said services were not provided." As appellees

note, however, they did not commit to do these things in their letter. This is proof that a second element of a contract, mutual agreement, is missing. Furthermore, because appellees were never contractually obligated to provide requested information or to give notice to Bethel Heights prior to annexation, failing to do these things could not constitute a breach of contract as Bethel Heights alleged.

Although Bethel Heights claims that appellees were statutorily obligated to provide requested information, the statute does not create a contract where one does not exist. Pursuant to Arkansas Code Annotated section 14-40-2004, Bethel Heights filed a petition in the circuit court to challenge appellees' compliance with the statute. However, in response to the motion to dismiss, the trial court found that this claim was not timely filed. Bethel Heights does not challenge that finding on appeal. As such, the only issue is whether the trial court appropriately granted summary judgment to appellees on the breach-of-contract claim. We hold that it did and affirm.[2]

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Robert K. Rhoads* and *M. Scott Hall*, for appellant.

*Watkins, Boyer, Gray & Curry, PLLC*, by: *Bill Watkins* and *Jennifer E. Gray*, for appellees.

---

[2] In *City of Bethel Heights v. City of Springdale*, 2017 Ark. App. 81, also handed down this day, Bethel Heights appeals the subsequent rezoning of appellees' property.