
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-17-64

| | |
|---|---|
| ASHLEY PECK O'DELL, AS A QUALIFIED BENEFICIARY OF THE PECK FAMILY TRUST AND THE PECK MARITAL TRUST, AND IN HER INDIVIDUAL CAPACITY<br><br>APPELLANT | **Opinion Delivered** October 18, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-16-2381] |
| V. | |
| HANNAH PECK A/K/A HANNAH FINLEY, INDIVIDUALLY AND AS TRUSTEE OF THE PECK FAMILY TRUST U/D JUNE 15, 2001, AND AS TRUSTEE OF THE PECK MARITAL TRUST<br><br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND REMANDED WITH INSTRUCTIONS |

## PHILLIP T. WHITEAKER, Judge

Appellant Ashley Peck O'Dell sued appellee Hannah Peck Finley seeking a declaratory judgment as to the sufficiency of certain reports that Finley provided as trustee of the Peck Family Trust. The Pulaski County Circuit Court dismissed O'Dell's complaint, finding that she lacked standing. We reverse and remand for further proceedings consistent with this opinion.

This current appeal is the third episode of the saga between the daughters of the late Robert Peck and his widow, Finley, over his estate plan. *See Peck v. Peck*, 2016 Ark. App.

423, 502 S.W.3d 553 (*Peck II*); *Peterson v. Peck*, 2013 Ark. App. 666, 430 S.W.3d 797 (*Peterson*).[1] In our previous opinions, we set forth in detail the facts and procedural history of the disputes and need not repeat them here. For purposes of this opinion, Robert Peck created a trust naming Finley, his wife, as trustee and O'Dell, his daughter, as a beneficiary. In April 2015, O'Dell requested through counsel that she be provided with a trustee's report setting forth the information required by the Arkansas Trust Code, Arkansas Code Annotated section 28-73-813 (Repl. 2012), dealing generally with a trustee's duties to keep beneficiaries informed about the administration of the trust. Finley responded with an "accounting" for the period of May 10, 2006, through July 31, 2009, and an "accounting" for the period of May 10, 2006, through December 31, 2013.

In April 2016, O'Dell filed a complaint for declaratory judgment against Finley, requesting that the court enter a declaratory judgment as to whether the "reports" provided by Finley complied with the requirements of section 28-73-813. Finley filed a motion to dismiss O'Dell's complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6), arguing that the complaint failed to state facts upon which relief can be granted; that the claim was time-barred pursuant to the savings statute, Arkansas Code Annotated section 16-56-126; that O'Dell lacked standing because she violated the share-cancellation provision; and that O'Dell's complaint was barred by res judicata. O'Dell responded and filed a brief in support, arguing that the issues did not bar her action. Finley replied to O'Dell's response with a supporting brief.

---

[1] *Peck II* involved litigation between daughter Alison Peck and Finley, while *Peterson* involved litigation between daughter Capi Peck Peterson and Finley.

Without holding a hearing on Finley's motion to dismiss, the circuit court dismissed O'Dell's complaint with prejudice. In its order, the court stated that O'Dell "is no longer a qualified beneficiary under the Peck Family Trust and has no standing to bring this action." No explanation was given on how the court reached its decision.

O'Dell filed a timely motion for a new trial or to vacate the order of dismissal, pointing out that Finley had raised the same arguments in *Peck II*, that *Peck II* was on appeal at that time and that our decision was imminent, and that the court should wait until our opinion came down before ruling on Finley's motion. In her response, Finley argued that there was no basis for O'Dell's posttrial motion. The court did not rule on O'Dell's posttrial motion, and it was deemed denied. This appeal followed.

Our standard of review in this case is multi-tiered. We are reviewing the granting of a motion to dismiss a complaint for declaratory judgment questioning the adequacy of a trustee's report, based on the alleged lack of standing of one of the trust beneficiaries who requested that report. We review a circuit court's decision to grant a motion to dismiss for abuse of discretion. *Doe v. Weiss*, 2010 Ark. 150; *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497. The question of standing, however, is a matter of law for this court to decide, and the appellate courts review questions of law de novo. *Ark. Hotels & Entm't, Inc. v. Martin*, 2012 Ark. 335, 423 S.W.3d 49; *Farm Bureau Ins. Co. of Ark. v. Running M Farms, Inc.*, 366 Ark. 480, 237 S.W.3d 32 (2006). Our courts have held that an error of law in and of itself can constitute an abuse of discretion. *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995); *SMC 1054, Inc. v. Thompson*, 2014 Ark. App. 524, 443 S.W.3d 574.

3

SLIP OPINION

We begin our analysis by considering the motion to dismiss before the circuit court. Finley's motion to dismiss asserted affirmative defenses, such as res judicata and lack of standing, which would require some factual proof in order to be sustained. The preferred method to assert an affirmative defense is in an answer pursuant to Arkansas Rule of Civil Procedure 8(c) and not in a motion to dismiss under Rule 12(b). Our supreme court, however, has allowed consideration of affirmative defenses in Rule 12(b) motions. *See Amos v. Amos*, 282 Ark. 532, 669 S.W.2d 200 (1984) (res judicata). In determining whether to dismiss a complaint under Rule 12(b), the circuit court must not look beyond the complaint to decide the motion. *Guthrie v. Tyson Foods, Inc.*, 285 Ark. 95, 96, 685 S.W.2d 164, 165 (1985). Here, Finley's pleading was styled a motion to dismiss, but she attached numerous documents for the court's consideration in conjunction with the motion. We are unable to ascertain to what, if any, extent the court considered the attached documents. For this reason, we will consider only the complaint before the circuit court under our abuse-of-discretion standard of review.

O'Dell's complaint alleges that she is a qualified beneficiary under the terms of the Peck Family Trust, and there is nothing on the face of the complaint that suggests that she lacks standing. Specifically, O'Dell alleges that she is a qualified beneficiary under the two trusts created by her father; that Finley is the successor trustee; that O'Dell, as a qualified beneficiary, has a right under the Arkansas Trust Code to certain information from Finley as trustee; that Finley provided certain information to O'Dell; and that O'Dell sought a declaratory judgment as to the sufficiency of the information under the Arkansas Trust Code.

Because we treat the facts alleged in the complaint as true, *Fitzgiven v. Dorey*, 2013 Ark. 346, 429 S.W.3d 234, these allegations are sufficient to set forth a claim for declaratory judgment. *See MacSteel Div. of Quanex v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 35, 210 S.W.3d 878, 886 (2005). Thus, it was error for the circuit court to dismiss the complaint based on lack of standing.[2] We reverse the order dismissing the complaint with prejudice and remand this matter to the circuit court for further proceedings consistent with this opinion.[3]

Reversed and remanded with instructions.

GRUBER, C.J., and BROWN, J., agree.

*Eichenbaum Liles, P.A.*, by: *James H. Penick III* and *Joshua Allen*, for appellant.

*Richard F. Hatfield, P.A.*, by: *Richard F. Hatfield*, for appellee.

---

[2] Although O'Dell argues five points on appeal, we believe that her standing as a qualified beneficiary is dispositive of this appeal.

[3] We recognize that the circuit court did not have the benefit of our decision in *Peck II* at the time of its ruling in the present case. The circuit court should therefore consider further proceedings in light of *Peck II.*