Bartelli's sole issue on appeal is whether the circuit court's denial of his request for a continuance of the termination hearing was an abuse of discretion. "[A] trial court shall grant a motion for continuance only upon a showing of good cause...." Smith v. Ark. Dep't of Human Servs. , 93 Ark. App. 395, 400, 219 S.W.3d 705, 708 (2005). The relevant standard of review here is abuse of discretion. Id. at 401, 219 S.W.3d at 708.
On April 22, 2016, the Arkansas Department of Human Services (DHS) exercised emergency custody of A.B. and B.B. and filed a petition for emergency custody and dependency neglect on April 25, 2016. The circuit court entered an ex parte order formally placing the juveniles into DHS custody. On April 28, 2016, the circuit court held a probable-cause hearing. The circuit court maintained the juveniles in the custody of DHS. DHS subsequently filed two amended petitions to add a putative father and make corrections regarding the case style.
On May 19, 2016, Timothy Klinger filed an entry of appearance in which he stated that he represented Bartelli and the interests of the paternal grandparents. He also filed a document entitled "Best Interests of the Children is with the Paternal Grandparents." On June 15, 2016, the circuit court adjudicated the children dependent-neglected based on neglect and parental unfitness.
Klinger filed a document purporting to clarify and correct the record on September 8, 2016. On November 2, 2016, the circuit court held a review hearing and maintained the juveniles in the custody of DHS. Bartelli was not present at the review hearing, and the circuit court issued an arrest warrant for him based on his failure to appear. The circuit court also found that Bartelli was noncompliant, that he had not participated in any services, that he had not obtained safe and appropriate housing, that he had violently assaulted the children's mother approximately a week earlier, and that there was a no-contact order in place between him and the children.
On April 4, 2017, the circuit court entered an order relieving Klinger from representing the interests of the paternal grandparents. Although the order made no mention of Bartelli, it stated that Klinger was "relieved of any and all responsibilities to the client or the court in this matter." Klinger did not appear again for the remainder of the case. On April 5, 2017, the circuit court held a permanency-planning hearing and maintained the juveniles in the custody of DHS. Bartelli did not appear for the hearing, and the circuit court found that Bartelli was not in compliance. Specifically, the circuit court outlined the many ways that Bartelli had failed to comply *53 with the case plan and court orders and further stated that Bartelli had made "no progress" and that his whereabouts were unknown.
The circuit court held a fifteen-month permanency-planning hearing on June 29, 2017. Bartelli was transported to the hearing from the Washington County jail. The circuit court found that Bartelli "ha[d] not maintained contact with DHS, ha[d] not completed a drug and alcohol assessment, ha[d] not submitted to drug screens, ha[d] not maintained stable employment with proof to DHS, ha[d] not demonstrated an ability to protect his children and keep them safe from harm. He is incarcerated today.... He served 6 months in Jail in Kansas-for Forgery and Burglary. He has pending charges in Arkansas and Missouri-and will be extradited to Missouri."
On September 15, 2017, the circuit court held another review hearing. Bartelli was present for the hearing but remained incarcerated. Again, the circuit court found that he had made "no progress" in the case. The circuit court set the termination-of-parental-rights hearing for October 25, 2017, at 8:00 a.m. and appointed counsel to represent Bartelli. The circuit court then issued a separate written order, specifically mandating Bartelli's appearance in court for the termination hearing on October 25, 2017, at 8:00 a.m. The order provided contact information for Bartelli's attorney and specifically noted that Bartelli was provided a copy of the review-hearing order. DHS filed a petition to terminate parental rights on October 3, 2017. On October 19, 2017, Bartelli filed a response to the petition, which included a motion to dismiss, a motion for modification of visitation, and a motion for continuance. DHS responded that Bartelli's request to continue the termination hearing should be denied as it "would result in undue prejudice as these children have already been in [DHS] care for seventeen (17) months."
On October 25, 2017, the circuit court held a termination-of-parental-rights hearing. Bartelli, without explanation, did not appear at the hearing. The circuit court denied Bartelli's request for a continuance and proceeded with the termination hearing. At the conclusion of the hearing, at 10:23 a.m., Bartelli made an attempt to call into the hearing but, based on the record before us, there is no explanation as to why he was not present in court or why he called in almost two and a half hours after the hearing was scheduled to begin. The circuit court directed that Bartelli be given his attorney's office number for him to call her later. The circuit court ultimately terminated Bartelli's parental rights as to the juveniles based on three grounds: (1) the failure-to-remedy ground, (2) the subsequent-factors ground, and (3) the little-likelihood ground. The circuit court specifically found it was in the juveniles' best interest to terminate parental rights. Bartelli now appeals the termination order, claiming the circuit court committed reversible error by denying his request for a continuance.
The denial of a motion for continuance is within the sound discretion of the circuit court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. Smith , 93 Ark. App. at 401, 219 S.W.3d at 708. The appellant bears the burden of showing that the circuit court's denial of a continuance was an abuse of discretion, and in order to show an abuse of discretion, the appellant must show that he or she was prejudiced by the denial. See David v. State , 295 Ark. 131, 748 S.W.2d 117 (1988). To find an abuse of discretion, the circuit court's decision to deny must have been done improvidently and without due consideration. See Henderson v. Ark. Dep't of Human Servs. , 2010 Ark. App. 481, at 5, 2010 WL 2186438. Here, the circuit court did not abuse its discretion because the court considered Bartelli's motion *54 for continuance when it heard arguments from all parties on the matter and provided a reasoned decision on the merits. The circuit court found:
These children have been in limbo since April, 2016.... I find that there is no good cause shown to give a continuance. I'd also note that Mr. Bartelli is not present here today, that I've already issued one failure to appear warrant for him, and he was brought before the Court, and I specifically told him when our court date was again, gave him a copy of the Order, and even wrote on that release Order of September 15th the name of his attorney with her phone number and her address.... I'll deny the continuance. The best interest of children is that they have permanency, and a continuance would totally thwart that.
In his brief, Bartelli concedes that "[i]t is necessary for the circuit court to balance the important rights of parents with the best interest of juveniles when deciding to grant a stay or continuance." Our court has repeatedly affirmed the circuit court's determination that a child's need for permanency may outweigh a parent's request for more time, even in similar situations where a continuance is requested. Renfro v. Ark. Dep't of Human Servs. , 2011 Ark. App. 419, at 12, 385 S.W.3d 285, 291 (upholding the circuit court's denial of a continuance because the "case [was] 18 months old," the "children [had] been in their placements for some time," and "permanency ... need[ed] to be established for them."); Campbell v. Ark. Dep't of Human Servs. , 2016 Ark. App. 146, at 2, 2016 WL 815652 ("[Appellant's] request for a stay did not 'outweigh the purpose of the juvenile code.' "); Morton v. Ark. Dep't of Human Servs. , 2015 Ark. App. 388, at 9, 465 S.W.3d 871, 876.
We do not find Bartelli's appellate argument convincing. He was represented by counsel at the hearing and failed to file an affidavit stating had he been there what his proposed testimony would have proved. See Butler v. Ark. Dep't of Human Servs. , 2010 Ark. App. 570, 2010 WL 3422456 (affirming a circuit court's denial of a parent's request for continuance based on her "inability to be present" at the termination hearing and then terminated her rights). There is no evidence before us to show the effect Bartelli's presence or testimony might have had on the circuit court's determination; nor was there evidence offered below to show, should the continuance have been granted, the likelihood that Bartelli would appear at the next court date.
In fact, Bartelli's past behavior indicated that he was not likely to follow through and attend a continued hearing, or any hearing, unless compelled to do so. McGaugh v. Ark. Dep't of Human Servs. , 2016 Ark. App. 485, at 8, 505 S.W.3d 227, 232 ("A parent's past behavior is often a good indicator of future behavior."). Notably, the only hearing Bartelli had attended of his own volition was the adjudication hearing. Every other hearing Bartelli was either incarcerated, and therefore transported to the hearing, or failed to appear.
As noted previously, to prevail on appeal, Bartelli had to demonstrate two things. See Butler v. Ark. Dep't of Human Servs. , 2010 Ark. App. 570, at 5. First, that the circuit court, by denying his continuance motion, abused its discretion. Id. And second, that the denial of his continuance motion prejudiced him. Id. He has done neither; therefore, we affirm.
Affirmed.