KENNETH S. HIXSON, Judge
Appellant Tina Marie Williams appeals from the termination of her parental rights to her daughter K.P., born on 1/18/09, and her son J.W., born on 4/30/12. Tina's sole point on appeal is that the trial court erred when it failed to grant her oral motion for *417 a continuance at the termination hearing. We affirm.
The proceedings began on October 20, 2015, when appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody of Tina's children. Attached to the petition was the affidavit of a family service worker stating that the children were removed from Tina's custody after K.P. had gone to school with a water bottle, reported by K.P. to contain her medicine, that tested positive for methamphetamine. On a subsequent drug screen, Tina tested positive for methamphetamine and oxycodone, and Tina admitted using methamphetamine four or five days earlier. The affidavit indicated that K.P.'s father is Christopher Pollard and J.W.'s father is Bruce Williams. On the same day the petition was filed, the trial court entered an order for emergency custody of the children. A probable-cause order followed.
On November 13, 2015, the trial court entered an adjudication order adjudicating the children dependent-neglected. Tina was ordered to cooperate with DHS, complete parenting classes, maintain stable housing and employment, remain drug free and submit to random drug screens, submit to a drug-and-alcohol assessment and follow recommendations, and submit to a psychological evaluation. The trial court set the case goal as reunification.
The case proceeded through multiple review and permanency-planning hearings. In a permanency-planning order entered on October 5, 2016, the trial court found that none of the parents had complied with the case plan or orders of the court, and the goal of the case was changed to termination of parental rights and adoption. In a permanency-planning order entered on October 18, 2017, the trial court found that Tina had not resolved her domestic-violence issues, had not completed a drug-and-alcohol assessment or drug treatment, and had no stable housing, transportation, or employment. In a review order entered on February 14, 2018, the trial court found that Tina had not complied with the case plan, had never completed a drug-treatment program, and continued to test positive for methamphetamine. DHS filed multiple petitions to terminate parental rights, the last of which was filed on January 19, 2018. There were several continuances, and the termination hearing was held on August 29, 2018.
At the termination hearing, DHS represented that all three parents had been served notice of the hearing. Further discussion indicated that one of the fathers, Christopher Pollard, had never participated in the case. The attorney ad litem, DHS, and the trial court agreed that the termination would not proceed against the other father, Bruce Williams, because Bruce's attorney was not present.
Tina was represented by counsel at the termination hearing, and prior to the hearing, Tina's counsel stated:
Tina Williams. Tina Williams. Tina Williams. Judge, it's now a little after 4 o'clock. Ms. Williams is not here at this time. She was here this morning, I talked to her about 9 o'clock, I told her we would get to the case sometime later today. I saw her here several times in the morning. After we broke for the noon recess, almost noon, I have not seen her since 1:30, since we returned from the noon recess. I will make an oral motion to well, number one to withdraw from representing her, she's not here. If that's denied I make an oral motion to continue the case since she's not here.
The trial court denied Tina's counsel's motion to be relieved and denied her motion for a continuance. The termination hearing *418 proceeded against Tina and Christopher Pollard.
The sole witness to testify was DHS supervisor Amanda Baker, who was assigned to the case. Ms. Baker testified that DHS had offered extensive services to Tina, including substance-abuse programs and drug screens. Ms. Baker indicated that between May 2017 and March 2018, Tina had been in nine drug-rehabilitation programs but had failed to complete any of them. Tina did finish the inpatient portion of one of the programs but failed to follow up with outpatient treatment, and she tested positive for illegal drugs not long after her release from the inpatient facility.
Throughout Tina's attempts at drug treatment, DHS was providing drug screens. Ms. Baker testified that Tina, who had never been prescribed any drugs during that time, repeatedly tested positive for controlled substances. Between February 2017 and July 2018, Tina tested positive on fifteen drug screens. Tina routinely tested positive for methamphetamine, amphetamines, oxycodone, and benzodiazepines. On another occasion, in March 2018, Tina was not drug screened but had track marks on her arm and admitted using drugs the day before.
Ms. Baker testified that in addition to Tina's habitual drug abuse, Tina had failed to comply with other parts of the case plan. Tina failed to attend a psychological evaluation arranged by DHS. Tina had no stable employment or housing and "bounces from place to place." In addition, Tina had domestic-violence issues involving Bruce Williams that had lasted throughout the case.
Ms. Baker testified that the children are very adoptable and that their foster parents are willing to adopt them. Ms. Baker stated that the children would be subjected to potential harm if returned to the custody of their mother because of Tina's drug issues and persistent lack of stability. Ms. Baker thought that termination of parental rights and adoption were in the children's best interest.
On October 3, 2018, the trial court entered an order terminating Tina's parental rights.[1] The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood that the children would be adopted, as well as the potential harm of returning them to the parents, as required by Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2017). The trial court found that the children would be subjected to potential harm if returned to Tina because Tina had not resolved her substance-abuse issues and had not obtained stable housing or regular income. Pertaining to Tina, the trial court also found clear and convincing evidence of three statutory grounds: the "failure to remedy" ground, the "other factors" ground, and aggravated circumstances, meaning there is little likelihood that services to the family will result in successful reunification. See Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(a) , (vii)(a) , (ix)(a)(3)(B)(i) .
In this appeal, Tina does not challenge the sufficiency of the evidence supporting termination of her parental rights. Her only argument is that the trial court erred in denying her motion for continuance. Tina notes that before her oral motion for continuance at the termination hearing, there had been several prior continuances *419 ordered, some at the request of DHS. Tina further notes that the trial court did continue the termination hearing as to one of the fathers, Bruce Williams, and asserts that there would have been no prejudice by continuing her case until Bruce's termination hearing. Tina contends that the trial court arbitrarily denied her motion for a continuance and that this case should be reversed and remanded for a new termination hearing where she can be present.
A motion for continuance shall be granted only upon a showing of good cause. Hill v. Ark. Dep't of Human Servs. , 2013 Ark. App. 760. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. Id. A trial court abuses its discretion when it acts improvidently and without due consideration. Henderson v. Ark. Dep't of Human Servs. , 2010 Ark. App. 481. The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of discretion, and in order to show an abuse of discretion, the appellant must show that she was prejudiced by the denial. Id.
We hold that Tina has failed to show an abuse of discretion. Although there had been prior continuances ordered, Tina did not object to any of these continuances, and if anything these continuances benefited her by giving her more time to remedy her circumstances, which from the testimony at the hearing she clearly never did. At the outset of the termination hearing, Tina's counsel indicated that Tina knew about the hearing and that she arrived at 9:00 a.m. Tina's counsel advised Tina that the hearing would be held later that day. However, with no explanation to her attorney or anyone else, Tina absented herself after the court recessed at noon, and she was not in attendance when the hearing was held at 4:00 p.m. Given that Tina gave no reason for choosing to leave before the hearing, her counsel's request for a continuance was simply based on her not being there and nothing more.
When deciding whether to grant a continuance, the trial court should consider the diligence of the movant, and we have held that a lack of diligence alone is sufficient to deny a continuance. Hill, supra. In this case, the motion for a continuance was not made until the beginning of the termination hearing, and the motion would not have been made but for Tina's decision to leave the courthouse despite her knowledge that the hearing would be held that day. Based on the circumstances before the trial court, we conclude that it did not abuse its discretion in denying Tina's motion for continuance. See Bartelli v. Ark. Dep't of Human Servs. , 2018 Ark. App. 329, 552 S.W.3d 51 (affirming trial court's denial of a continuance where the appellant, without explanation, did not appear at the hearing).
We further conclude that Tina has also failed in her burden of demonstrating prejudice. There is no evidence before us to show the effect Tina's presence or testimony might have had on the trial court's determination, see Bartelli , supra , and under the facts of this case it is highly unlikely the outcome would have changed. To terminate parental rights, the trial court must find by clear and convincing evidence that a statutory ground exists and that termination is in the children's best interest. See M.T. v. Ark. Dep't of Human Servs. , 58 Ark. App. 302, 952 S.W.2d 177 (1997). In this case, it was clear that statutory grounds were proved and that termination was in the children's best interest due to Tina's persistent drug abuse and lack of stability throughout the duration of the proceedings, which lasted almost three years from the time the children *420 were removed from Tina's custody. It was clear that the children would be at risk of harm if returned to Tina's custody and that they are adoptable.
On this record, we hold that the trial court did not abuse its discretion in denying appellant's motion to continue the case. Therefore, we affirm the order terminating appellant's rights.
Affirmed.
Gladwin and Vaught, JJ., agree.

The trial court also terminated the parental rights of Christopher Pollard, finding that he had abandoned his child.