Cite as 2019 Ark. App. 417

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-19-360

| | |
|---|---|
| RHIANNON GRIMWOOD<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** September 25, 2019<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72JV-17-911]<br><br>HONORABLE STACEY ZIMMERMAN, JUDGE<br><br>AFFIRMED |

**LARRY D. VAUGHT, Judge**

Rhiannon Grimwood appeals the Washington County Circuit Court's order terminating her parental rights to her son, N.H. On appeal, she only challenges the court's denial of her motion to continue the termination hearing. We affirm.

The Arkansas Department of Human Services (DHS) assumed emergency custody of N.H. when he was nine days old after he was born prematurely with methamphetamine, amphetamine, cannabinoids, and Nephridine in his system. Grimwood admitted that she had used drugs while pregnant and had attempted to visit him in the NICU while under the influence. N.H. was adjudicated dependent-neglected and was placed in the care of his grandmother, who also had custody of his siblings. This case proceeded through the standard series of permanency-planning and review hearings and related orders. Grimwood failed to appear at multiple hearings, her whereabouts were sometimes unknown, shew was described

by witnesses as "very unstable," she was incarcerated for part of the case, and she did not work the case plan.

On January 10, 2019, the circuit court convened a hearing on DHS's petition to terminate Grimwood's parental rights. Grimwood requested new counsel, stating that her counsel had failed to communicate with her during her incarceration and that counsel's subsequent illness further limited their communication. The court appointed a new attorney for Grimwood and granted her a three-week extension of the termination hearing. Grimwood's new counsel was present in court when a new date was set for the termination hearing, and she did not object or ask for additional time to prepare for the hearing.

However, thirteen days later, Grimwood's new attorney sought a second continuance, stating that she needed additional time to "compile records" and "prepare testimony," noting that Grimwood had recently moved from Washington County to Pine Bluff. DHS opposed the continuance and argued that it was contrary to the Juvenile Code's goal of permanency for the child and that Grimwood had an established pattern of not appearing for scheduled hearings in the case and not working the case plan. DHS argued that it was inappropriate under the Juvenile Code to grant a parent's request for additional time solely on the basis of eleventh-hour overtures toward participating in the case plan. The attorney ad litem also opposed the request for additional time. The court denied the motion to continue.

On January 31, 2019, the court convened a second hearing on DHS's petition to terminate Grimwood's parental rights. At the outset of the hearing, her counsel again requested a continuance, stating that Grimwood wished to be present to testify in person but had entered an in-patient drug-treatment program two days prior to the hearing and therefore

could not appear in court. Grimwood was, however, available to testify by phone. Counsel asked that the court allow Grimwood additional time to complete the forty-five-day drug-treatment program before resuming the termination hearing. DHS objected to the continuance and argued that eleventh-hour overtures toward working the case plan would not be enough to overcome the evidence supporting termination. The court denied the motion, finding that N.H. had been in foster care for fourteen months and needed permanency, stating that "we don't count the final months before [termination] to keep the goal reunification."

During the hearing, Grimwood testified via telephone. DHS also presented evidence that N.H. was in the custody of his grandmother, who also had custody of his siblings and who wished to adopt him. Following the hearing, the court terminated Grimwood's parental rights. She has appealed that order, but she raises no challenges to the court's findings as to statutory grounds or best interest. She argues only that the court abused its discretion in denying her motion to continue.

A motion for continuance shall be granted only upon a showing of good cause. *Williams v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 194, at 6, 575 S.W.3d 415, 419. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Id.*, 575 S.W.3d at 419. A circuit court abuses its discretion when it acts improvidently and without due consideration. *Id.*, 575 S.W.3d at 419. The appellant bears the burden of showing that the circuit court's denial of a continuance was an abuse of discretion, and in order to show an abuse of discretion, the appellant must show that she was prejudiced by the denial. *Id.*, 575 S.W.3d at 419.

Grimwood argues that the circuit court abused its discretion in denying her motion to continue because she was prejudiced by her inability to testify in person, her counsel's inability to fully prepare for the hearing, and her inability to complete the drug-treatment program prior to the termination proceeding. She also argues that the court relied on a mistake of law when it said that the last few months prior to a termination hearing do not count. She argues that a continuance would not have prejudiced N.H., who was living with his grandmother and would have simply remained in her custody during the continuance.

We disagree. After reviewing the record below, we hold that the court did not abuse its discretion in denying Grimwood's motion for continuance. Moreover, Grimwood cannot demonstrate prejudice from the circuit court's denial of her motion.[1] Grimwood had the burden to demonstrate good cause for the continuance she sought, and she failed to do so. While she had recently been appointed a new attorney, her new counsel had been given three weeks to become familiar with the case prior to the hearing and initially had no objection to the timing of the rescheduled termination hearing. Grimwood has not demonstrated that there was any additional evidence or legal argument that her counsel would have been able to present had she had more time to prepare. Grimwood also argues that she was prejudiced because she wished to testify in person but could not do so while in drug treatment. However, she was able to testify via telephone, and she has not explained how her presence in the courtroom would have changed the outcome of the case. Finally, to the extent that Grimwood sought

---

[1]To the extent that Grimwood argues that N.H. would not have been prejudiced by a continuance, she has mistaken the relevant legal standard. The question is not whether opposing parties would have been prejudiced by a continuance, it is whether the moving party can demonstrate that she was prejudiced by the court's denial of her request for a continuance. *Williams*, 2019 Ark. App. 194, at 6, 575 S.W.3d at 419.

additional time to work the case plan, she did not demonstrate good cause for her failure to make such efforts in the fourteen months prior to the hearing. She enrolled in drug treatment *two days* before the scheduled termination hearing after failing to appear and failing to work the case plan for over a year.

Grimwood failed to preserve her argument that the court relied on a mistake of law when it stated that efforts made during the final months of a dependency-neglect case did not count. When the court made that statement in a colloquy with counsel for both parties, Grimwood's attorney neither objected nor otherwise indicated that the court's decision could be based on legal error. We have previously held that the "circuit court should be given an opportunity to correct any perceived error before prejudice occurs." *McCoy v. State*, 2010 Ark. 373, at 13, 370 S.W.3d 241, 249. It is well established that this court will not consider arguments that are not preserved for appellate review. *ProAssurance Indem. Co. v. Metheny*, 2012 Ark. 461, at 18, 425 S.W.3d 689, 699–700. It is incumbent upon the parties to raise arguments initially to the circuit court in order to give that court an opportunity to consider and rule on them. Otherwise, we would be placed in the position of possibly reversing a circuit court for reasons not addressed by that court. *Id.*, 425 S.W.3d at 699–700. Because Grimwood raises her mistake-of-law argument for the first time on appeal, it is not preserved for our review.[2]

---

[2]While the court's statement was expressed in less than precise terms, a closer examination of the transcript reveals that the court considered numerous factors in denying Grimwood's motion to continue the termination hearing and that the court made the statement in reference to DHS counsel's more fully articulated arguments regarding Grimwood's lack of effort throughout the fourteen-month case. We have previously held that eleventh-hour improvements as termination becomes imminent will not prevent termination if other evidence demonstrates that termination is warranted. *Prows v. Ark. Dep't of Human Servs.*, 102 Ark. App. 205, 283 S.W.3d 637 (2008).

Affirmed.

VIRDEN and SWITZER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Callie Corbyn*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.