Cite as 2020 Ark. App. 192

# ARKANSAS COURT OF APPEALS
## DIVISION I
**No.** CV-19-864

| | |
|---|---|
| MELINDA GAIL MARTIN AND JIMMY LANCE MARTIN | **Opinion Delivered:** March 18, 2020 |
| APPELLANTS | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41JV-17-20] |
| V. | |
| | HONORABLE TOM COOPER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | |
| APPELLEES | AFFIRMED |

**MEREDITH B. SWITZER, Judge**

Melinda Martin and Jimmy Martin appeal separately from the August 14, 2019 order terminating their parental rights to their four children, DM, CM, JM, and SM. Melinda raises two points of appeal: (1) the circuit court abused its discretion in denying her request for a continuance of the July 30, 2019 termination hearing, and (2) the circuit court clearly erred in finding it was in the children's best interest to terminate her parental rights because the court did not take into consideration the impact termination would have on the children's sibling relationships. Jimmy raises only one point of appeal, and it is the same best-interest argument raised by Melinda. We affirm both terminations.

We review termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Cooper v. Arkansas Dep't of Human Servs.*, 2019 Ark. App. 425, 588 S.W.3d 43. A finding is clearly erroneous when, although there is

evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, we have noted that in matters involving the welfare of young children, we will give great weight to the circuit court's personal observations. *Id.*

The termination of parental rights is a two-prong process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *Id.* The parental-unfitness prong requires proof of one or more statutory grounds for termination set forth in Arkansas Code Annotated section 9-27-341 (Supp. 2019). *Id.* The best-interest prong requires consideration of two factors: (1) the likelihood that if parental rights are terminated the juvenile will be adopted and (2) the potential harm caused by returning the child to the custody of the parent. *Id.*

Here, the circuit court found that the Arkansas Department of Human Services (DHS) proved several statutory grounds for termination, and neither Melinda nor Jimmy challenges the court's fitness findings. They also do not challenge the circuit court's adoptability or potential-harm findings. Rather, Melinda and Jimmy argue that termination was not in the children's best interest because the circuit court did not properly consider the impact that termination would have on the four siblings' relationships. Because the basis for appeal is narrowly focused on the impact of termination on the siblings' relationships, it is not necessary to develop the facts fully or to address the grounds for termination, adoptability, or potential harm. *Whitehead v. Arkansas Dep't of Human Servs.*, 2019 Ark. App. 442, 587 S.W.3d 590. Instead, we will focus on the facts that are relevant to the points that have been raised.

2

DHS exercised an emergency hold on the four children on August 3, 2017, followed by an August 8 petition for emergency custody and dependency-neglect. The probable-cause hearing was held on August 15, and the children were adjudicated dependent-neglected following a hearing on September 5. The court found the allegations in the petition to be true and determined the children were at substantial risk of harm due to inadequate supervision and parental unfitness. The goal of the case was reunification with a concurrent adoption plan. During the course of the case plan, at best, Melinda partially complied, and Jimmy did not comply with the case plan and court orders. Compliance was complicated by the fact that both parents were incarcerated for a portion of the time, and both faced substance-abuse issues.

Following the permanency-planning hearing on July 24, 2018, the circuit court changed the goal of the case to authorize a plan for adoption. The termination hearing was postponed several times but was finally held on July 30, 2019. Neither Melinda nor Jimmy was present. Melinda's attorney requested a continuance, explaining that Melinda had called his office after the June hearing was continued; that he had tried unsuccessfully to call her back to let her know about the July 30 setting but got a "restrictions" recording from her phone; that he also sent a letter to the last address she had given him; and that she had not contacted his office since the call in June. The court noted that Melinda had not been present at the June termination hearing, which was ultimately continued because of her attorney's car trouble. In addition, there was an April 22 agreed order for an earlier continuance, and it provided in part: "The mother was not present despite due notice." The court denied the request for a continuance.

I.  *Denial of Request for Continuance*

For her first point, Melinda argues that the circuit court abused its discretion in denying her request for a continuance.  We disagree.

A circuit court shall grant a motion for continuance only upon a showing of good cause.  *Bartelli v. Arkansas Dep't of Human Servs.*, 2018 Ark. App. 329, 552 S.W.3d 51.  The denial of a motion for continuance is within the sound discretion of the circuit court, and the court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice.  *Id.*  The appellant bears the burden of showing that the circuit court's denial of a continuance was an abuse of discretion.  *Id.*  To find an abuse of discretion, the circuit court's decision to deny must have been made improvidently and without due consideration.  *Id.*  To prevail on appeal, the appellant must demonstrate two things:  (1) that the circuit court abused its discretion in denying the motion and (2) that the appellant was prejudiced by the denial. *Id.*

Here, before denying the request for a continuance, the circuit court confirmed that Melinda had not been present at the June 4 hearing, "despite due notice."  The circuit court also confirmed that her attorney had tried to contact her at her last-known phone number to notify her of the July 30 setting and sent a letter regarding the July 30 setting to her last-known address but that she had not contacted her attorney in any way since she contacted his office after the June continuance.  In addition, the court's April 22, 2019 agreed order for continuance of the April 16 termination hearing provided, "The mother was not present despite due notice."  It is true that Melinda attended many of the hearings; however, she does

4

not challenge the fact that she did not attend the April or June hearings for termination—despite having been given due notice for both. Similarly, while she contacted her attorney's office to see what happened when she missed the scheduled June termination hearing, she does not challenge the fact that she did not contact her attorney again before the July 30 termination hearing nor alert her attorney to any changes in her contact information. It is undisputed that her attorney was present for the entire termination hearing on July 30.

Melinda argues she was prejudiced by the denial because she lost the opportunity to be present and defend against the termination petition and the allegations against her, and she was not able to present evidence of the progress she has made or to challenge DHS's presentation of the case. She has not demonstrated what evidence she would have provided concerning her progress or how she would have challenged the DHS case differently if she had been present. Further, she mentions that she was not able to assist in her defense and protect her constitutional rights as a parent, but she did not develop any such argument below. We find that the circuit court did not abuse its discretion, and Melinda was not denied justice by the denial of her request for a continuance.

## II. *Impact of Termination on Sibling Relationships*

Melinda's second point and Jimmy's sole point of appeal can best be discussed together. They both contend that the circuit court clearly erred in finding it was in the children's best interest to terminate their parental rights because the court did not consider the impact termination would have on the relationships among the children. A best-interest finding must be based on a consideration of at least two factors: (1) the likelihood that if

parental rights are terminated the juvenile will be adopted and (2) the potential harm caused by returning the child to the custody of the parent. *Cooper, supra.*

In their "best-interest" argument, Melinda and Jimmy do not challenge adoptability or potential harm. Rather, their focus is narrowed to whether the circuit court properly considered the impact that termination would have on the four siblings' relationships. Keeping siblings together is an important consideration but is not outcome determinative as the best interest of each child is the polestar consideration. *Everly v. Arkansas Dep't of Human Servs.*, 2019 Ark. App. 528, 589 S.W.3d 425. Evidence of a genuine sibling bond is required to reverse a best-interest finding based on the severance of a sibling relationship. *Brown v. Arkansas Dep't of Human Servs.*, 2019 Ark. App. 370, 584 S.W.3d 276.

Here, the three youngest children were placed together in a therapeutic foster home, and DM, who was entering tenth grade at the time of the termination hearing, had been in a separate home the entire time and was very happy. The only evidence presented concerning a sibling bond came from the foster mother, who testified that DM visits with his siblings, that he enjoys the visits, and that she wants the visits to continue. We are not left with a definite and firm conviction that the circuit court made a mistake in finding it was in the children's best interest to terminate Melinda's and Jimmy's parental rights on the basis of such bare evidence of a sibling relationship.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

6

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for separate appellant Melinda Martin.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for separate appellant Jimmy Martin.

*Callie Corbyn*, Office of Chief Counsel, for appellee.

*Kimberly Boling Bibb*, attorney ad litem for minor children.