Cite as 2022 Ark. App. 27

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-21-350

| | |
|---|---|
| ANITA DEFELL | **Opinion Delivered** January 19, 2022 |
| APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BJV-18-105 ] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE SCOTT A. ELLINGTON, JUDGE |
| APPELLEES | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Anita Defell appeals from the Mississippi County Circuit Court's termination of her parental rights to her children: A.B. (DOB: 01-19-2011), I.S. (DOB: 01-12-2016), and L.S. (DOB 10-18-2018). On appeal, Defell argues that the termination order is void because the Mississippi County Circuit Court did not have subject-matter jurisdiction. She also challenges the best-interest finding. We affirm.

Due to Defell's narrow argument on appeal, only a brief recitation of the facts is necessary. The case was initiated on October 19, 2018, when the Arkansas Department of Human Services ("DHS") received a hotline report that L.S. had been born with drugs in his system. Defell also tested positive for cocaine and THC. An emergency petition was filed concerning all three children, and they were adjudicated dependent-neglected. The affidavit attached to the emergency petition provided that Defell would not give the

caseworker the correct information when asked about her living situation. Defell stated that she lives in Chicago, but the caseworker discovered she also had a Memphis address. The court retained jurisdiction, and the case proceeded as any other dependency-neglect case for the next thirty months. Defell only partially complied with the case plan and court orders. Namely, she continued to test positive for controlled substances, was not straightforward with the caseworker about her living arrangements, and failed to complete the ordered mental-health treatment. At the February 28, 2019 review hearing, the court noted that Defell continued to reside in Memphis. It also found "the testimony of the mother is not credible, and that she has been deceitful and devious in this case."

A termination hearing was conducted on April 26, 2021, and the testimony and evidence revealed that Defell had failed to obtain stable housing appropriate for the children, failed to obtain stable and appropriate income to sufficiently provide for the children, and failed to fully follow the case plan. It was also revealed that Defell was recently discharged from a residential treatment program in Arkansas for noncompliance. Following that, she entered another outpatient treatment program but was not in compliance with that program either. Additionally, Defell testified that she has nine children altogether: two are over the age of eighteen, and four are in custody in Tennessee. At the conclusion of the hearing, the court granted DHS's petition to terminate Defell's parental rights.[1] This appeal followed.

On appeal, Defell asserts that the circuit court's order is void because the court lacked jurisdiction. Specifically, Defell contends that the evidence demonstrates that Arkansas was

---

[1]The children's father was currently in jail, and his issues were reserved for later proceedings.

not the children's home state as defined by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified at Arkansas Code Annotated sections 9-19-101 to -401 (Repl. 2020). She acknowledges that she never questioned the jurisdiction of the Arkansas court over her case but that a challenge to subject-matter jurisdiction can be raised at any time, including for the first time on appeal. The circuit court did not make any specific findings as to the application of UCCJEA on this case, yet it continuously maintained it had subject-matter jurisdiction.

Our standard of review is de novo, although we will not reverse the circuit court's findings of fact unless they are clearly erroneous. *Gill v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 284, at 5, 601 S.W.3d 458, 461. Furthermore, when a circuit court has discretion to decide whether to decline to exercise jurisdiction under the UCCJEA, we will not reverse the circuit court's decision absent an abuse of discretion. *Id.* The UCCJEA provides the exclusive method for determining the proper forum in child-custody proceedings involving other jurisdictions. *Id.* Although the present case involves a termination of parental rights, a "child-custody proceeding" under the UCCJEA includes proceedings for neglect, abuse, dependency, and termination. Ark. Code Ann. § 9-19-102(4). Arkansas Code Annotated section 9-19-201 sets forth the criteria used to determine whether this state has jurisdiction to make an initial child-custody determination and pertinently states as follows:

(a) *Except as otherwise provided in § 9-19-204*, a court of this state has jurisdiction to make an initial child-custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under subdivision (a)(1) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 9-19-207 or § 9-19-208, and:

(A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships

(3) all courts having jurisdiction under subdivision (a)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 9-19-207 or § 9-19-208; or

(4) no court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3) of this section.

(Emphasis added.) The first clause of section 9-19-201(a), emphasized above, makes clear that the provisions of this section are applicable only if the provisions of section 9-19-204 are not. Arkansas Code Annotated section 9-19-204 addresses temporary-emergency jurisdiction, and provides:

(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

(b) If there is no previous child-custody determination that is entitled to be enforced under this chapter, and a child-custody proceeding has not been commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203. If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, a child-custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

4

(c) If there is a previous child-custody determination that is entitled to be enforced under this chapter, or a child-custody proceeding has been commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under §§ 9-19-201 — 9-19-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.

(d) A court of this state which has been asked to make a child-custody determination under this section, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to §§ 9-19-201 — 9-19-203, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

Here, the circuit court assumed temporary emergency custody because substantial evidence came to light that the children were in danger in the state of Arkansas. This case began because Defell tested positive for controlled substances in Arkansas at the birth of L.S., which presented a need for immediate protection of the minor children because Defell was unable to appropriately care for them at that time. The record is devoid of proof of a previous child-custody determination regarding A.B. and I.S., and an order from another state was never presented.

Further, there was sufficient evidence for the court to continue jurisdiction here. The children and Defell had a significant connection with Arkansas, and the State had substantial evidence available concerning the children's care and protection. All the services provided to both the minor children and Defell were within Arkansas. Defell had family

here and testified that she would travel back and forth into Arkansas to transport drugs for her mother. Further, Defell testified that she qualified for Arkansas Medicaid to attend drug rehab.

Moreover, Defell's residence had always been an issue throughout the case and was never established with any certainty. As mentioned above, at the time of removal, Defell told the caseworker that she lived in Chicago, but DHS later discovered an address for Defell in Memphis. At some point after that, Defell gave her caseworker an address in Blytheville, Arkansas. The caseworker testified that she made numerous attempts to see Defell at that address but that the occupants of the home eventually reported that Defell did not reside at that address. When confronted with this inaccuracy, Defell provided the caseworker an address in Osceola, Arkansas, that did not belong to her but to her mother.

Thus, on the basis of these facts, Defell's argument that the Arkansas court should have transferred the case to Tennessee is without merit, and the court did not err in finding subject-matter jurisdiction in this case.

Next, Defell challenges the court's best-interesting finding. She does not challenge potential harm or adoptability and instead makes the limited assertion that the best-interest decision is reversible because the court did not adequately consider the impact termination would have on the siblings' relationships. Keeping siblings together is an important consideration but is not outcome determinative, because the best interest of each child is the polestar consideration. *Martin v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 192, at 5–6, 596 S.W.3d 98, 102. Evidence of a genuine sibling bond is required to reverse a best-interest finding based on the severance of a sibling relationship. *Id.*

6

Not only was this issue not raised below, but also, evidence was never presented at the termination hearing of a sibling bond between the minor children in this case and the minor children in the Tennessee case. We will not review a matter on which the circuit court has not ruled, and the burden of obtaining a ruling is on the movant. *Vaughn v. State*, 338 Ark. 220, 223, 992 S.W.2d 785, 787 (1999). Accordingly, the circuit court did not err in finding it was in the children's best interest to terminate Defell's parental rights.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Andrew Firth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Janet Lawrence*, attorney ad litem for minor children.