Cite as 2025 Ark. App. 27

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-540

| | | |
|---|---|---|
| KAREN DAWN | | **Opinion Delivered** January 22, 2025 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NO. 72JV-22-277] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE DIANE WARREN, JUDGE |
| | APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Karen Dawn filed a motion to intervene and petition for adoption in the Washington County Circuit Court's termination-of-parental-rights case against her granddaughter, Mikayla Turner.[1]  Dawn appeals, arguing that the circuit court erred in its denial of her motion for continuance and by limiting her intervention.  We find no error and affirm.

MC, born July 24, 2021, was removed from the custody of his mother, Mikayla Turner, on May 13, 2022.  The same day, the Arkansas Department of Human Services (the Department) exercised a seventy-two-hour hold in order to protect the juvenile from immediate danger to the juvenile's health or physical well-being.  The circuit court entered

---

[1]On March 8, 2024, the Arkansas Court of Appeals dismissed Mikayla Turner's appeal from the termination of her parental rights pursuant to her motion.

an ex parte emergency order for custody on May 16, 2022, placing custody of the juvenile with the Department.

On June 17, 2022, the circuit court held a probable-cause hearing and found that probable cause existed at the time of removal and continued to exist. At this hearing, the circuit court found the parents had provided the names of both grandmothers, Cynthia Turner and Erica Smith, to be considered for possible placement. The court further ordered the parents to provide names of any other adult relatives who could be considered for placement.

On July 12, 2022, the circuit court held an adjudication hearing and adjudicated the juvenile dependent-neglected. The following relatives appeared at the hearing: grandmother Cynthia Turner, grandmother Erica Smith, and maternal aunt Davaney Turner. The circuit court ordered the Department to investigate the appropriateness of Cynthia Turner and other relatives identified by the father for placement.

On November 1, 2022, the circuit court held a review hearing. The following relatives were present: maternal great-grandmother Karen Dawn, Davaney Turner, and Cynthia Turner. The court heard from Whitnee Patterson, the caseworker; Demonie Chism, the father; Mikayla Turner, the mother; and Cynthia Turner, the maternal grandmother. The circuit court ordered the Department to conduct an ICPC home study on Mikayla Turner's home in Missouri where she resided with her mother, Cynthia Turner.

On February 7, 2023, the circuit court held a permanency-planning hearing. Relatives Karen Dawn, Davaney Turner, paternal uncle Ladarius Smith, and Erica Smith were present

2

at the hearing. At this hearing, the circuit court changed the goal of the case to adoption or guardianship with a fit and willing relative but also found that adoption should be the concurrent goal because a fit and willing relative had not yet been identified. The circuit court ordered the Department to consider Erica Smith for placement of the juvenile.

On May 5, 2023, the Department filed a petition to terminate the parental rights of Mikayla Turner and Demonie Chism. On September 25, 2023, the circuit court granted the Department's petition to terminate the parents' rights. On November 2, 2023, the court entered its written order terminating the parental rights of Mikayla Turner and Demonie Chism.[2]

On January 3, 2024, Dawn filed a motion to intervene that included a petition for adoption, which was amended on January 5. The Department filed a response to the motion to intervene on January 17. An order granting Dawn's motion to intervene was filed on January 26 with a supplemental order limiting Dawn's intervention entered on March 6 to file her petition for adoption pursuant to the circuit court's findings at the hearing on January 29.

On April 5, 2024, Dawn filed a "Motion for Placement, Custody, and/or Visitation." In this motion, she states there was an approved ICPC home study on July 6, 2023. Dawn acknowledged that the case was set for a pending adoption petition for a nonrelative placement. Dawn also requested visitation for the first time in this motion. On April 15,

_____

[2]Demonie Chism did not appeal the termination of his parental rights.

the Department filed a response to the motion. In its response, the Department noted that Dawn had been explored for placement despite the status of the law finding no rights of a relative existed posttermination but that, after consideration, the Department took the position that such placement would be contrary to the juvenile's best interest.

On May 20, 2024, Dawn filed a "Motion for Continuance for Status Hearing and Motion for ICPC Home Study Update." In her motion, Dawn noted that the petition for adoption was set for the following day and, for the first time, added a request for an ICPC home study update. She then indicated that she was not aware of a petition for adoption, and if one had been filed, she had not received notice of who had filed it but did anticipate "dueling petitions for adoption." Additionally, the motion acknowledged discussions with the Department that were unresolved the week prior.

On May 21, the parties appeared, and the circuit court heard arguments of counsel before denying the motion for continuance, the request for an ICPC home study update, and the motion for placement or custody and/or visitation. On the same day, the circuit court entered an order stating that the juvenile had been legally adopted and the case was closed. On June 6, 2024, the circuit court entered a corrected and amended closing order that specifically denied and dismissed all pending motions, petitions, and pleadings filed by Dawn. From that order comes this appeal.

Dawn argues that the circuit court erred by denying her motion for continuance to obtain an updated home study in support of her petition to adopt MC. The record shows that Dawn claimed an approved home study had been submitted to the Department on July

6, 2023. That home study was said to expire on January 6, 2024. Dawn filed her motion to intervene and petition for adoption of MC on January 3, 2024. A hearing was held on January 29, 2024, on the motion to intervene, and Dawn was granted limited intervention, but Dawn did not make a request for the Department to update her home study despite acknowledging an ICPC home study would be needed to pursue her adoption petition in the January 29, 2024, hearing.

Dawn argues that the circuit court abused its discretion by denying the request for a continuance to allow time for an updated ICPC report to be updated. We disagree.

> A motion for continuance shall be granted only upon a showing of good cause and only so long as is necessary. *Smith v. Ark. Dep't of Hum. Servs.*, 93 Ark. App. 395, 400–01, 219 S.W.3d 705, 708 (2005) (citing *Green v. State*, 354 Ark. 210, 118 S.W.3d 563 (2003)). In *Smith*, this court stated as follows:

>> The law is well established that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. When deciding whether a continuance should be granted, the trial court should consider the following factors: (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of postponement; (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. Additionally, the appellant must show prejudice from the denial of a motion for continuance.

*Blankenship v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 63, at 21, 661 S.W.3d 227, 239.

Here, the circuit court did not act improvidently or without due consideration when it denied the request for continuance. The record shows Dawn did not request an updated home study for four months after filing her motion to intervene and did not request a hearing on her petition to adopt, although the court specifically told her it was her

responsibility to ask for a hearing on her petition. Further, when she filed her amended petition for adoption, Dawn acknowledged there was a competing petition for adoption pending. Moreover, Dawn failed to proffer any evidence at the hearing that her adoption of MC would be in MC's best interest. *Bartelli v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 329, 552 S.W.3d 51. When deciding whether to grant a continuance, the circuit court should consider the diligence of the movant, and we have held that a lack of diligence alone is sufficient to deny a continuance. *Williams v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 194, 575 S.W.3d 415. At the conclusion of the May 2024 hearing, the circuit court stated:

> We were last here in January, and the orders do not reflect that there was any request at that point for any kind of an update, and so that request is not timely at this point. At this point, asking for an update, even if it's not a four- to six-month process, that is not a timely request, since the termination was back in September.

The court found that a continuance would further delay permanency for this child who has been in care for over two years, and it would not be in the best interest of the child to further delay this case while waiting on another home study. *Renfro v. Ark. Dep't of Hum. Servs.*, 2011 Ark. App. 419, 385 S.W.3d 285. Dawn's lack of diligence in seeking an order for an updated home study or for asking the court for a hearing on her petition did not show good cause for the continuance.

Dawn argues that the Department was able to game the system by delaying homes studies for multiple relatives and did not pursue placement with Dawn, who had an approved ICPC home study. This argument is contrary to the findings of the circuit court in the permanency-planning order where the court found that a fit and willing relative had not yet

been identified but ordered a home study for Erica Smith, Demonie's mother. Dawn fails to cite any evidence there was a delay in ordering home studies of any relative or even if Dawn had an approved home study. Dawn admits that her home study had expired. Even if Dawn were not considered for relative placement, this was an argument for the parent, Mikayla Turner, to make at the termination-of-parental-rights hearing on September 25, 2023, or on appeal. *Phillips, supra.* Furthermore, by waiting to seek intervention until after Mikayla's parental rights had been terminated, Dawn lost her status as a great-grandmother. *Stricklin v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 441, 528 S.W.3d 321. Thus, she lacked standing to challenge the circuit court's termination decision and consideration to be a relative placement.

Dawn's second point on appeal is that the circuit court erred in limiting her intervention solely for the purposes of filing a petition for adoption. Dawn did not object to the limited intervention, and this argument is being raised for the first time on appeal. It is well settled that this court does not consider arguments raised for the first time on appeal, and a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Exigence, LLC v. Baylark*, 2010 Ark. 306, at 10, 367 S.W.3d 550, 555. Moreover, it was not necessary for intervention to be granted for the adoption petition to be considered by the court; thus, the limitation would have no prejudicial effect. *Stricklin*, 2017 Ark. App. 441, 528 S.W.3d 321 (affirming the circuit court's determination that intervention in a dependency-neglect case is unnecessary for an adoption petition to be considered). Dawn also argues that limited intervention

7

prevented her from proceeding on her petition for adoption on the merits. The record shows it was not the limitation of her intervention but rather her failure to request a hearing on her petition for adoption and her delay in requesting an updated ICPC home study that prevented her from having a hearing. We find the decision by the circuit court to grant limited intervention was not clearly erroneous.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Dusti Standridge*, for appellant.

*Kaylee Wedgeworth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.